Filed 4/16/13  In re Edgar P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re EDGAR P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDGAR P.,<br><br>Defendant and Appellant. | F065886<br><br>(Super. Ct. No. JJD065613)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Gomes, J., and Franson, J.

On October 5, 2011, appellant, Edgar P., a minor, admitted an allegation set forth in a juvenile wardship petition (Welf. & Inst. Code, § 602), that he committed misdemeanor vandalism (Pen. Code, § 594, subd. (a)). On October 20, 2011, the juvenile court adjudged appellant a ward of the court and placed him on probation, with various terms and conditions, in his mother's custody.

On August 2, 2012, appellant admitted allegations set forth in a supplemental wardship petition (Welf. & Inst. Code, § 777) that he committed various noncriminal violations of probation. On August 23, 2012, at a contested disposition hearing, the court continued appellant as a ward of the court, continued him on probation, and ordered him to serve 90 to 180 days in the Tulare County Youth Treatment Center. The instant appeal followed.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As indicated in the court's written disposition hearing order, as conditions of probations the court ordered, inter alia, that appellant "Obey his parents," "Not ... associate with[] any person the child knows, or should reasonably know, to be a member or to be involved in the activities of a criminal street gang," "Not wear or display items or emblems reasonably known by the minor to be associated with or symbolic of gang membership," "Keep the probation officer informed of any changes in address," "Attend school regularly," "Participate in ... Alcohol and other drug counseling," "Perform [20] hours of community service," "Be at his ... place of residence between the hours of 9 p.m.

and 6 a.m. unless with a parent or legal guardian or with prior permission of the probation officer."

The report of the probation officer (RPO), prepared in advance of the August 2012 disposition hearing, indicates the following: According to notes of the probation officer who supervised appellant between October 20, 2011, and February 21, 2012, appellant failed to attend school, failed to enroll in drug and alcohol counseling, had not completed his community service hours and was in possession of gang paraphernalia.

The RPO also states that the following occurred on March 7, 2012: A probation officer went to appellant's residence but appellant was not at home. In a search of appellant's bedroom, the officer found "numerous gang related writings." Appellant's mother told the officer the following: Appellant "fails to abide by her rules at home, fails to abide by his 9:00 PM curfew[,] ... invites gang members to her residence," "associates with gang members, wears gang clothing[,] ... fails to attend school," and "has not completed any of the Court ordered requirements [with respect to] participating in alcohol and drug counseling and community service hours."

The RPO also states that on March 16, 2012, the probation officer "noted that [appellant] went to Mexico with his mother without permission," and that when the officer went back to appellant's residence on April 9, 2012, appellant's uncle stated appellant and mother had not returned from Mexico. The officer searched appellant's room and noted that appellant "still had all of his ... gang writings on the walls."

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.